SAMUEL H. GREY, attorney-general, ex rel. MOUNT ZION SANCTUARY, appellant,

*v.*

MORRIS & CUMMINGS DREDGING COMPANY, respondent.

[Argued June 20th, 1905. Decided March 5th, 1906.]

Equity has jurisdiction on an information by the attorney-general, at the relation of a private party, to annul a lease of the state's lands under water obtained by a person not the owner of the shore front, through a false representation of the fact.

On appeal from a decree in chancery advised by Vice-Chancellor Emery, whose opinion is reported in *64 N. J. Eq. (19 Dick.) 555.*

*Mr. James E. Howell,* for the appellant.

*Mr. Norman Grey,* for the respondent.

PER CURIAM.

The object sought by the information in this case is to have decreed to be null and void a lease made by the riparian commissioners to the defendant company of lands of the state lying under the waters of New York bay. The lands were leased to the defendant company upon a representation made by it to the riparian commissioners that it was the owner and possessor of the *ripa* upon which they abutted. The ground upon which the validity of the lease is attacked is that the representation which induced its making by the riparian commissioners is false; that grantor of the relator, not the defendant company, was the owner of the *ripa* before and at the time when the lease was made, and continued to be so until he conveyed it to the relator; and that ever since that conveyance the relator has been, and still is, the owner thereof.

Before entering upon a consideration of the merits of the case the vice-chancellor was called upon to determine the question whether the court of chancery had jurisdiction to annul a lease of the state's land, obtained by a person not a shore owner through a false representation of the fact. He concluded that the jurisdiction existed. Reaching that conclusion, he proceeded to a consideration of the meritorious questions which the case presented, and held, among other things, that the allegation in the information that the defendant company was not the owner of the *ripa* adjoining the lands demised by the lease, at the time of the execution of that instrument, was not sustained by the proofs.

We concur both in the conclusion of the vice-chancellor in favor of the existence of jurisdiction in the court of chancery to annul the state's lease in a proceeding of this character, and in his finding that the evidence in the cause will not support the allegation in the information relating to the ownership of the land along the shore at the time of the making of the lease, and for the reasons stated by him in his opinion.

The case of the relator having failed upon the facts, it is unnecessary for this court to express an opinion upon the other questions decided by the vice-chancellor, viz., (1) whether a reservation to the grantor, in a deed conveying riparian lands, of the water rights in front thereof, and of the right to dock out and reclaim the submerged land, is valid; and (2) whether the state is entitled to have its lease set aside, solely for the benefit of a private relator, who has stood by for a long period of years without challenging the validity of the lease, and permitted the lessee to expend large sums of money in the improvement and development of the riparian land.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY—12.

*For reversal*—None.